MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2019 ME 52
Docket:        Han-18-366
Submitted
  On Briefs:   February 20, 2019
Decided:       April 9, 2019

Panel:         ALEXANDER, MEAD, GORMAN, JABAR, HJELM and HUMPHREY, JJ.

## IN RE CHILD OF MEGAN D.

PER CURIAM

[¶1]  Megan D. appeals from a judgment of the District Court (Ellsworth, *Roberts*, *J.*) terminating her parental rights to her child pursuant to 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i)-(ii) (2018).[1]  We affirm the judgment.

## I.  BACKGROUND

[¶2]   The Department of Health and Human Services filed a child protection petition on September 23, 2016, *see* 22 M.R.S. § 4032 (2018), and the court (*Mallonee, J.*) issued a preliminary protection order the same day, placing the child in foster care, *see* 22 M.R.S. §§ 4034, 4036 (2018).  The mother waived her right to a summary preliminary hearing, *see* 22 M.R.S. § 4034(4), and on February 28, 2017, the court (*Roberts, J.*) entered a jeopardy order by agreement, *see* 22 M.R.S. § 4035 (2018).  The Department filed a petition for

---

[1]  The child's father did not appear at the termination hearing and has not appealed from the court's order terminating his parental rights.

termination of the mother's parental rights on February 1, 2018. *See* 22 M.R.S. § 4052 (2018). On July 24, 2018, the court held a hearing on the Department's petition for termination of the mother's parental rights. *See* 22 M.R.S. § 4054 (2018).

[¶3] On August 20, 2018, the court granted the Department's petition to terminate the mother's parental rights. *See* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i)-(ii). Based on the testimony presented at the hearing and other competent evidence in the record, the court found, by clear and convincing evidence, that the mother is unwilling or unable to protect the child from jeopardy or take responsibility for the child within a time that is reasonably calculated to meet the child's needs, and that termination of her parental rights is in the best interest of the child. *See id.*

[¶4] The court based its decision on the following factual findings, which are supported by competent evidence in the record.

> [The mother] gave birth to [the child] on September 1, 2016. [She] used heroin during her pregnancy resulting in [the child] being born drug affected. [The mother] was given the opportunity to enter a residential treatment program following [the child's] birth. Unfortunately, she soon left the program and [the child] was taken into foster care on September 23, 2016. [The child] has not been in [the mother's] care since that date.
>
> . . . .

. . . [The mother] has not been in contact with the [D]epartment consistently; she has not been calling in to see if she needs to drug test, and she does not have safe or permanent housing.

[The mother] participated in therapy . . . from February of 2017 until December 18, 2017. She was diagnosed with [o]piate dependency in early remission. [She] was just beginning to address her trauma history when the services stopped due to [the service provider] mistakenly believing that the Department's authorization had ceased. . . .

. . . [The mother] has made substantial connections within the recovery community to support her efforts. [Several of those connections] are working with [the mother] to assist her in finding employment and preparing for transition to her own housing. While her prospects are good at this point she remains four to six months away from being in a position to care for [the child].

[The mother] clearly loves her son very much. She is currently working very hard to alleviate the Department's jeopardy concerns. Unfortunately, she has run out of time. [The child] has been in foster care for 22 of the 23 months of his life. [The mother] may be in a position to care for [the child] in a few more months. She is not in a position at this time to protect [the child] from jeopardy. She is not in a position at this time to take responsibility for [the child]. [The child] needs permanency now.

[¶5] The mother timely appealed from the court's judgment terminating her parental rights. *See* 22 M.R.S. § 4006 (2018); M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶6] The mother contends that the evidence is insufficient to support the court's determination of parental unfitness and that termination of her parental rights is in the best interest of the child. *See* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i)-(ii).[2] We review the court's factual findings for clear error and review the court's ultimate conclusion that termination of parental rights is in the best interest of the child for an abuse of discretion. *In re Child of Portia L.*, 2018 ME 51, ¶ 2, 183 A.3d 747. "Where the court finds multiple bases for unfitness, we will affirm if any one of the alternative bases is supported by clear and convincing evidence." *In re Children of Corey W.*, 2019 ME 4, ¶ 19, 199 A.3d 683 (quotation marks omitted).

[¶7] "In reviewing a decision to terminate parental rights, a decision that is highly factual, we recognize the unique opportunity of the trial courts to assess the evidence . . . ." *In re Michaela C.*, 2002 ME 159, ¶ 22, 809 A.2d 1245 (quotation marks omitted); *see also Gordon v. Cheskin*, 2013 ME 113, ¶ 12, 82 A.3d 1221 ("We defer to the trial court's determination of witnesses'

---

[2] Additionally, the mother asserts that she was denied due process when the Department failed to adequately provide reunification efforts and rehabilitative services. However, the mother failed to raise this constitutional challenge with the trial court and therefore we do not reach this argument. *See In re Child of James R.*, 2018 ME 50, ¶ 16, 182 A.3d 1252; *see also In re Doris G.*, 2006 ME 142, ¶ 17, 912 A.2d 572.

credibility and its resolution of conflicts in testimony."). Because of the trial court's unique vantage point, "we afford substantial deference to the trial court's determination." *In re Thomas H.*, 2005 ME 123, ¶ 17, 889 A.2d 297.

[¶8] Contrary to the mother's contentions, there is competent evidence in the record that supports the court's findings of parental unfitness pursuant to 22 M.R.S. § 4055(1)(B)(2)(b)(i)-(ii) and the court's ultimate conclusion that termination of her parental rights is in the best interest of the child pursuant to 22 M.R.S. § 4055(1)(B)(2)(a). As the court noted, the mother has made significant strides in her recovery efforts and attempts to alleviate jeopardy. However, the child has been in the Department's custody for twenty-two months out of the child's almost two-year life, and there is competent evidence in the record to support the court's finding that the mother is unable to take responsibility for the child within a time that is reasonably calculated to meet the child's needs. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(ii). Moreover, there is ample evidence in the record to support the court's finding that termination of the mother's parental rights is in the best interest of the child. *See In re Child of Portia L.*, 2018 ME 51, ¶ 4, 183 A.3d 747.

The entry is:

Judgment affirmed.

Christopher J. Whalley, Esq., Ellsworth, for appellant mother

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Ellsworth District Court docket number PC-2016-25
FOR CLERK REFERENCE ONLY