MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2020 ME 30
Docket:       Pen-19-393
Submitted
  On Briefs:  February 26, 2020
Decided:      March 5, 2020

Panel:        MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.


IN RE CHILD OF AMBER D.


PER CURIAM

[¶1]  Amber D. appeals from a judgment of the District Court (Bangor, *Jordan, J.*) terminating her parental rights to her child pursuant to 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i), (ii) (2018).  She argues that there was insufficient evidence to support the court's findings of at least one ground of parental unfitness and that termination was in the best interest of the child.  We disagree and affirm the judgment.

## I.  BACKGROUND

[¶2]  The Department of Health and Human Services initiated child protection proceedings as to this child in April of 2018, alleging that the mother's rights to her older child were terminated in 2013, the mother has mental health issues and cognitive limitations that prevent her from providing safe or appropriate care for the child, the mother neglects the child, and the mother does not recognize the risk of sexual abuse to the child posed by the

father's diagnosis of pedophilia.[1]  *See* 22 M.R.S. § 4032 (2018).  The court (*Larson, J.*) entered a preliminary protection order dated April 20, 2018, placing the child in the Department's custody.  *See* 22 M.R.S. § 4034 (2018).  The mother waived her right to a summary preliminary hearing, and she later agreed to the entry of a jeopardy order based on the same grounds set out in the judgment terminating her parental rights to her older child—namely, that she is impulsive and has an explosive temper, has borderline dependent personality disorder, exhibits poor judgment, lacks a basic understanding of child development, and denies that the father poses any risk of sexual abuse to the child despite his diagnosis of pedophilia.  *See* 22 M.R.S. §§ 4034(3), 4035 (2018).

[¶3]  On April 9, 2019, the Department filed a petition to terminate the mother's parental rights, alleging that the mother had made little progress in her rehabilitation and reunification efforts, had no stable place to live, continued to lack boundaries as to the father, had a limited understanding of

---

[1] The Department also initiated child protection proceedings as to the father.  The father does not appeal from the termination of his parental rights, and we therefore confine our discussion to those facts and procedural events that are relevant to the mother.

the sex offense risk posed to the child by the father, lacked insight, and had been given a guarded prognosis for change.[2]  *See* 22 M.R.S. § 4052 (2018).

[¶4]  After a testimonial hearing, by judgment dated August 30, 2019, the court (*Jordan, J.*) made the following findings of fact, which are supported by competent record evidence.  *See* 22 M.R.S. § 4054 (2018).

> The Court finds that [the mother] has been willing to make all efforts necessary to address the jeopardy regarding [the child]. . . .
>
> [The mother] has a long history with [the father].  They continued to reside together through the previous DHHS matter and termination of their parental rights to [their older child] at the end of 2013.  After that proceeding, [the mother and father] divorced in 2016, but were living together until very recently.  The Court finds that [the mother's] recent statements that she believes [the father] to be a threat to the child's safety are not sincere.  She has denied it too consistently and for too long a period for the Court to believe she has had a sudden change of heart.  The Court acknowledges that she has made substantial progress on her mental health issues.  However, her lack of protective capacity continues as does her cognitive impairment which makes her incapable of safely caring for the child.  Her lack of protective capacity does not simply extend to [the father] and his pedophilia, but to exposing the child to unsafe individuals.
>
> The Court concludes that [the mother's] daily cannabis abuse impairs her thinking and exacerbates her significant mental health issues.  The Court finds that [the mother] does not have the skills and intellectual functioning to provide care for [the child] to a level that is not jeopardous.  Her need for continuous prompts to be able

---

[2] The court maintained the Department's custody of the child in judicial review and permanency planning orders dated December 14, 2018; May 6, 2019; and October 4, 2019.  *See* 22 M.R.S. § 4038 (2018).

to properly care for this child demonstrates that she cannot provide safe care on her own. The child's repeated rejections of [the mother's] attempts at affections does not contribute to jeopardy, but the Court finds that it does fit into the best interest analysis if parental rights are terminated.

The Court finds that [the mother's therapist and psychological evaluator] were very persuasive. The Court finds that [the mother] has plateaued in her therapy . . . . (She is not making further progress at this time, so there is no way to know where she will go from here.) The Court also finds that the prognosis for improvement, to the point of being able to parent [the child] independently, is guarded. This combination of facts leads to the conclusion that it is very unlikely that she will be able to make enough progress to resolve jeopardy in a time reasonably calculated to meet [the child's] needs.

The Court finds that too much time has passed to wait any longer. Although [the mother's] housing situation is expected to improve in the near future, it still has to be considered unstable. [The mother] has never lived on her own and has had recurring problems with maintaining a reasonably clean household prior to this date. . . .

[The child] has been in State custody for virtually her entire life. The Court finds that she has a very good relationship with the foster parents and draws the inference that [the child] views them as her mother and father. [The child] needs and deserves the assurance and stability of a permanent home.

[¶5] Based on these findings, the court terminated the mother's parental rights to the child on the grounds that the mother is unable to protect the child from jeopardy and unable to take responsibility for the child and these circumstances are unlikely to change in a time reasonably calculated to meet

the child's needs, and that termination of the mother's rights is in the child's best interest. *See* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i), (ii). The mother appeals. *See* 22 M.R.S. § 4006 (2018).

## II. DISCUSSION

[¶6] To terminate parental rights without the mother's consent, the trial court was required to find, by clear and convincing evidence, at least one ground of parental unfitness and that termination is in the best interest of the child. 22 M.R.S. § 4055(1)(B)(2) (2018); *In re Child of Sherri Y.*, 2019 ME 162, ¶ 5, 221 A.3d 120. The mother argues that because she "engaged in . . . all the required services for reunification," there was insufficient evidence in this matter to support both the parental unfitness and best interest determinations. We review for clear error the court's findings of fact supporting its parental unfitness and best interest determinations, and we will uphold those facts if there is any competent evidence in the record to support them. *In re Child of Megan D.*, 2019 ME 52, ¶¶ 6-8, 206 A.3d 899. We review for an abuse of discretion the court's ultimate decision regarding the child's best interest. *Id.* ¶ 6.

[¶7] We conclude that there was sufficient record evidence—including the testimony of the mother's therapist, psychological evaluator, Department

caseworker, visit supervisors, and case manager, as well as the guardian ad litem—to support the court's findings of parental unfitness and best interest by clear and convincing evidence. Although the court found that the mother "has been willing to make all efforts necessary to address the jeopardy regarding [the child]," the court also credited the testimony of multiple witnesses that, notwithstanding her efforts, the mother remains unable to provide safe and proper care for the child and will be unable to do so in a time that meets the child's needs. *See In re Children of Tiyonie R.*, 2019 ME 34, ¶ 6, 203 A.3d 824 ("[T]he weight and credibility of [the] evidence was for the trial court's determination."); *In re Children of Anthony M.*, 2018 ME 146, ¶ 11, 195 A.3d 1229 ("Marginal progress toward reunification and a simple desire to remain parents is not enough to ameliorate jeopardy." (alteration omitted) (quotation marks omitted)). We also discern no abuse of discretion in the court's determination that the termination of the mother's parental rights is in the child's best interest.

The entry is:

Judgment affirmed.

Joseph P Belisle, Esq., Bangor, for appellant mother

Aaron M. Frey, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Bangor District Court docket number PC-2018-26
FOR CLERK REFERENCE ONLY